352

*Hood,* 59 F.3d 40, 42 (6th Cir.1995). Rather, a court's inquiry is limited to whether one of the specified circumstances in Rule 60(b) exists so as to warrant reopening the underlying judgment. *See Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264, 268 (6th Cir.1998).

Waters is not entitled to the relief he seeks. Waters has not presented any facts entitling him to relief with regard to Fed.R.Civ.P. 60(b)(1)-(3). First, he has not established the existence of mistake, inadvertence, surprise, or excusable neglect. Second, he has not presented any newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b). Third, he has not established the existence of any fraud, misrepresentation, or other misconduct of an adverse party. Furthermore, Waters has not shown that he is entitled to relief under Fed.R.Civ.P. 60(b)(4) or (5) because he does not allege that the judgment dismissing his complaint is void, has been satisfied, released, or discharged, or is inappropriate for prospective application. In addition, Waters has not demonstrated exceptional circumstances which would justify relief pursuant to Fed.R.Civ.P. 60(b)(6). *See Byers,* 151 F.3d at 578. Therefore, the district court properly denied Waters's motion.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

Ellen FISH Plaintiff—Appellant

v.

LOCAL 19 OFFICE AND PROFESSIONAL EMPLOYEES INTERNATIONAL UNION, AFL–CIO–CLC; Firstenergy Defendants—Appellees

No. 00–3271.

United States Court of Appeals, Sixth Circuit.

March 16, 2001.

Before KEITH, NORRIS, and DAUGHTREY, Circuit Judges.

This cause having come on to be heard upon the record, the briefs and the oral argument of the parties, and upon due consideration thereof,

It is ORDERED that the judgment of the district court be, and it hereby is, affirmed upon the opinion of the district court.

Bessie FLETCHER, Plaintiff—Appellee,

v.

MID–CUMBERLAND HUMAN RESOURCE AGENCY, Defendant—Appellant.

No. 00–5136.

United States Court of Appeals, Sixth Circuit.

March 16, 2001.

Before MERRITT, NELSON, and SUHRHEINRICH, Circuit Judges.

This cause having come on to be heard upon the record, the briefs and the oral argument of the parties, and upon due consideration thereof,

It is ORDERED that the judgment of the district court be, and it hereby is, affirmed upon the opinion of the district court.

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Harry P. BROWN, Defendant– Appellant.**

No. 00–1994.

United States Court of Appeals, Sixth Circuit.

March 19, 2001.

Before KENNEDY and SUHRHEINRICH, Circuit Judges; GAUGHAN, District Judge.*

*ORDER*

Harry P. Brown, proceeding pro se, appeals a district court's order granting the government summary judgment in its action to recover on a student loan debt. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Brown signed a promissory note for a federally insured student loan in 1975 and

* The Honorable Patricia A. Gaughan, United States District Judge for the Northern District of Ohio, sitting by designation.